UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LIDA G.B.,

              Petitioner,

        v.

SERGIO ALBARRAN, et al.,

              Respondents.

No. 1:25-cv-02061-TLN-CKD

**ORDER**

      This matter is before the Court on Petitioner Lida G.B.'s ("Petitioner") Motion for a Preliminary Injunction ("PI"). (ECF No. 2.) For the reasons set forth below, the Court GRANTS Petitioner's Motion for a PI.

///

///

///

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from Petitioner's allegedly unlawful detention.  (*See* ECF No. 2-1.)  The Court need not recite the factual background here, as it is set forth in full in the Court's January 3, 2026 Order.  (ECF No. 5.)  On December 29, 2025, Petitioner filed a Petition for Writ of Habeas Corpus.  (ECF No. 1.)  On January 2, 2026, Petitioner filed a Motion for a Temporary Restraining Order ("TRO").  (ECF No. 4.)  On January 3, 2026, the Court granted Petitioner's Motion for a TRO and issued an Order to Show Cause as to why a PI should not issue on the same terms.  (ECF No. 5.)  On January 5, 2026, Respondents filed a response.  (ECF No. 7.)  Petitioner did not file a reply.

## II.   STANDARD OF LAW

A preliminary injunction is an extraordinary remedy.  In general, preliminary injunctions are governed by the same standard applicable to temporary restraining orders.  *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* E.D. Cal. L.R. 231(a).

For both a TRO and PI, courts consider whether Petitioner has established: "[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.*  A stronger showing on the balance of the hardships may support issuing a PI even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*  Simply put, Petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in Petitioner's favor in order to succeed in a request for a preliminary injunction.  *Id.* at 1134–35.

///

### III.   ANALYSIS

In its January 3, 2026 Order granting Petitioner's request for a TRO, the Court found Petitioner is likely to succeed on the merits of her claims that her detention violates the Immigration and Nationality Act ("INA") and Fifth Amendment Due Process Clause.  (ECF No. 5.)  The Court will discuss each of these claims in turn.

#### A.   <u>INA</u>

In response to the Order to Show Cause, Respondents argue Petitioner is an applicant for admission because it is undisputed she is present in the United States, and she has not been admitted to the United States.  (ECF No. 7 at 2.)  Respondents further argue that because Petitioner is an application for admission, she is subject to detention under 8 U.S.C. § 1225(b)(2)(A) and not entitled to a bond hearing.  (*Id.* at 3.)  Petitioner did not file a reply.

INA § 236(a), or 8 U.S.C. § 1226(a) ("§ 1226(a)"), "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the Government has broad discretion whether to release or detain the individual. *Id.*  Further, § 1226(a) provides several layers of review for an initial custody determination. *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.

Courts have "examined the text, structure, agency application, and legislative history of [§] 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting

3

cases); *see also Maldonado Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (issuing declaratory relief for a nationwide class vacatur of the July Department of Homeland Security policy as an improper interpretation of the INA).

This Court has already agreed with these well-reasoned and compelling decisions numerous times. *See, e.g.*, *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *2 (E.D. Cal. Dec. 11, 2025); *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *F.V.A.V. v. Wofford, et al.*, No. 1:25-cv-01763-TLN-JDP, ECF No. 16 (E.D. Cal. Dec. 19, 2025); *cf. F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025). Without new facts, reasoning, or a higher court order finding otherwise, this Court will not reconsider its position from prior rulings.

Thus, the Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b)(2). Rather, Petitioner is subject to § 1226(a) and statutorily entitled to the processes conferred by that provision. *See Rodriguez*, 53 F.4th at 1196. Respondents did not comply with those requirements. Therefore, as set out in the TRO, Petitioner is likely to succeed on the merits of her claim that Respondents have violated the INA and improperly subjected her to mandatory detention.

                    B.      Fifth Amendment Due Process Clause

As set forth in the Court's January 3, 2026 Order, the *Mathews v. Eldridge* factors demonstrated Petitioner was entitled to, at a minimum, an opportunity to be heard. 424 U.S. 319 (1976) Petitioner was not provided with that baseline protection.

In response to the Order to Show Cause, Respondents argue the "procedural due process" owed to Petitioner is whatever the procedure Congress authorizes and § 1225 provides that process and says nothing about bond hearings. (ECF No. 7 at 3 (citing *Angov v. Lynch*, 788 F.3d 893, 898 (9th Cir. 2015)).) Respondents maintain, therefore, Petitioner cannot show a likelihood of success on the merits where she must be detained under the operative statute and she has no right to a pre-deprivation hearing. (*Id.*) As stated previously, Petitioner did not file a reply.

///

4

Respondents' reliance on *Angov v. Lynch* is misplaced.  788 F.3d 893 (9th Cir. 2015). Angov was a Bulgarian citizen who sought asylum at the border — without entering the United States — and he later challenged the outcome of his immigration case under due process.  *Id.* at 898.  As the Ninth Circuit acknowledges in *Angov*, our immigration laws have long made a distinction between due process owed to noncitizens who have been living in the United States and those, like Angov, who seek constitutional protections at our border.  *See id.* (quoting *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958)); *see also Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) (Noncitizens "who have once passed through our gates, even illegally, are afforded the full panoply of procedural due process protections, and may be expelled only after proceedings conforming to traditional standards of fairness." (cleaned up)); *Zadvydas*, 533 U.S. at 693 ("It is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders. . . . But once [a noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

Here, Petitioner has been living in the United States for over two years after she was paroled into the United States, allowed to live in the community, permitted to pursue asylum, and complied with all conditions of her immigration release.  Thus, Petitioner is entitled to "the full panoply" of due process in her detention and immigration proceedings and she must be afforded adequate and fair procedures when deprived of her liberty.  *Shaughnessy,* 345 U.S. at 212.

As discussed in the January 3, 2026 Order, Respondents did not supply adequate or fair procedural protections.  For more than two years after her parole entry and six months after termination of her removal proceedings, ICE arrested Petitioner at a routine check-in, even though DHS did not issue a new NTA, did not initiate new removal proceedings, and did not identify any material change in circumstances.  (ECF No. 4 at 5.)  These are not the fair procedures mandated by our Constitution when the Government strips a person of her freedom.

Moreover, Respondents have not provided any justification, except for a policy change, for detaining Petitioner, and such a justification is not reasonably related to an accepted detention

5

purpose. *See Hernandez*, 872 F.3d at 981 (finding "[immigration] detention incidental to removal must bear a reasonable relation to its purpose."). "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."). *Id.* at 994. The Government has not issued a final order of removal for Petitioner. Petitioner is not a flight risk. In fact, it is uncontested that she has complied with all the conditions of her release and has appeared at all required appointments. Nor is Petitioner a danger to the community. She has never had a criminal history, which Respondents do not refute. Further, as previously stated, on November 18, 2025, an immigration judge concluded Petitioner established a credible fear of persecution, thereby confirming her eligibility to pursue asylum.

Respondents did not provide adequate and constitutionally-compliant due process when restraining Petitioner's liberty. The Court sees no reason to depart from its prior analysis and adopts it here.

Respondents do not challenge Petitioner's arguments nor the Court's conclusions with respect to the remaining *Winter* elements. (*See* ECF No. 7.) Accordingly, all the *Winter* factors weigh in Petitioner's favor and the Court orders Petitioner's immediate release on the same terms as she was released prior to her detention[1] and issues a preliminary injunction as set forth below.

**IV.   CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Respondents are ENJOINED AND RESTRAINED from imposing any additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. **Respondents must file a notice certifying compliance with this provision of the Court's Order by January 20, 2026**;

2. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015

---

[1]   *See Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy.").

(9th Cir. 2011);

3. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional and regulatory protections, including notice and a hearing before a neutral fact-finder where Respondents show: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk such that danger.  At any such hearing, Petitioner shall be allowed to have her counsel present; and

4. Pursuant to Local Rule 302(c)(17), future matters pertaining to Petitioner's Motion for Habeas Corpus under 28 U.S.C. § 2241 are automatically referred to the magistrate judge assigned to this matter.

IT IS SO ORDERED.

Date: January 16, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE